Date signed August 12, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RICKY L. McCLAM | : | Case No. 08-11544PM |
| BEVERLY D. McCLAM | : | Chapter 13 |
| | : | |
| Debtors | : | |

### MEMORANDUM OF DECISION

This case came before the court for hearing on the Motion of the Debtors (D.E. #75) to modify their confirmed Plan. On February 12, 2009, the court entered an Order Confirming Amended Chapter 13 Plan (D.E. #50). Under the Fourth Circuit rule of *West v. Costen*, 826 F.2d 1376, 1378 (CA4 1987), the "due date of the first payment . . . was 'the time that the first payment under the original confirmed plan was due'" Debtors proposed modified plan (D.E. #73-2) provides for a lump sum payment of $7,114.20 for months 1--16 and $475.00 per month for 60 months for a total term of 76 months. However, § 1329(c) of the Bankruptcy Code provides:

**11 USC § 1329. Modification of plan after confirmation**

(c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

This is consistent with § 1322(d)(5) of the Bankruptcy Code that provides that a plan may not provide for payments over a period that is longer than 3 years unless the court, for cause, approves a longer period. However the court may not approve a period that is longer than 5 years.

In the circumstances, the court cannot enter an order confirming the modified plan. This is so despite the eminent good sense of the proposed modified plan. Should the Debtors find themselves unable to propose a plan with the constraint of a 60-month term from the date of the confirmation of their original Plan, their only recourse appears to be to refile the case after the present case is dismissed on the Trustee's motion. They would then have the ability to stretch payments out over 60 months. This involves unnecessary time and expense for the Debtors, but in view of the constraints of the Code the court's hands are tied.

cc:
Christina M. Williamson, Esq., 1110 Bonifant Street, Suite 510, Silver Spring, MD 20910
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Ricky/Beverly McClam, 4209 23rd Place, Temple Hills, MD 20748

**End of Memorandum**